UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X
HELEN NELSON

      Plaintiff,                    ORDER

   -against-                   Civil Action No.
                                     CV-03-6247 (DGT)
UNUM LIFE INSURANCE CO. OF
AMERICA and JOSTENS, INC.

      Defendants.

---------------------------------X
TRAGER, J.:

    Plaintiff moves for reconsideration of that part of the March 27, 2006 memorandum and order which dismissed plaintiff's common law tort causes of action against Jostens because they are preempted by ERISA.[1] For the following reasons, plaintiff's motion for reconsideration is denied.

    As an initial matter, plaintiff has failed to raise any proper ground for reconsideration under Local Rule 6.3. Plaintiff re-argues the issue of preemption of plaintiff's common law claims, but does not assert that the court overlooked any controlling case law or material facts. See Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

---

[1] Both in her initial memorandum and in her reply, plaintiff characterizes the dismissal of her common law claims as sua sponte. It was not. The dismissal was made pursuant to defendants' motion. See Legal Mem. in Supp. of Def. Unum Life Ins. Co. of Am.'s Cross-Motion for J. on the Admin. Rec., at 17.

overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). Nonetheless, plaintiff's arguments for reconsideration will be considered on their merits:

Plaintiff's complaint against Jostens is premised on the allegation that Jostens mischaracterized plaintiff's work duties in a job analysis form that it filled out in connection with plaintiff's application for long term disability benefits from Unum. Specifically, plaintiff contends that Jostens employee Troy Rudoll underestimated the amount of weight that plaintiff was required to push, pull and carry in the course of her duties as a customer service representative at Jostens. On reconsideration, plaintiff argues that Jostens' alleged misrepresentations inflicted injury upon her that was independent of the denial of long term disability benefits - namely, that by underestimating the physical demands of her job, Jostens caused her "humiliation and loss of reputation, mental anguish and suffering" that is not remediable under ERISA.

Expanding on this point, plaintiff argues that "[n]owhere in [her] Amended Complaint does [she] allege that 'but for' Jostens['] misrepresentations, the plaintiff would have received her disability benefits." Pl.'s Mem. of Law at 3. However, she then goes on to contradict that assertion in her reply brief, quoting from those paragraphs of her Amended Complaint where she

2

makes that precise assertion. Reply Mem. of Law by Pl. at 5, quoting Am. Compl. ¶¶ 95, 104, 111, 112, 114, 118.

It is, frankly, difficult to take seriously plaintiff's argument that Jostens' characterization of her job duties caused her injury independent of her denial of disability benefits. The only purpose of the job analysis form was to facilitate processing of plaintiff's ERISA benefits claim. Aside from the fact that it is highly improbable that plaintiff's reputation could have been harmed by her employer saying she frequently lifts 5 pounds, whereas she insists that she regularly lifts more than 10 pounds, plaintiff has not alleged that Jostens transmitted the form to anyone but Unum. In her brief, plaintiff poses a bewildering rhetorical question:

> Is it just lucky (for Jostens) that it made these material misrepresentations in connection with a disability policy covered by ERISA or is it by design, that is, did Jostens cynically "bet" that it could betray and lie about and injure plaintiff with impunity because it was dealing - even tangentially - with an ERISA policy?

Pl.'s Mem. of Law, at 3.

Again, Jostens was asked by Unum to describe the physical demands of plaintiff's job so that it could evaluate her disability claim. Jostens did so, and relayed the information directly to Unum. Plaintiff's implication that Jostens was using the ERISA statute as a cover so that it could malign plaintiff's job duties simply makes no sense.

Plaintiff additionally argues that Jostens was not a plan fiduciary because it was not an agent of Unum, but instead acts on its own behalf or as an agent of the covered employees. Although plaintiff's reasoning on this point is difficult to follow, she appears to suffer from a fundamental misconception that the duty owed by ERISA plan fiduciaries is to the insurance companies that fund the plans and not to the covered employees. To the contrary, the statute itself could not be clearer on this point: "[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . .." 29 U.S.C. § 1104(a)(1). "Participant" is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . .." 29 U.S.C. § 1002(7).

In her Amended Complaint, on the other hand, which plaintiff quotes at length in her reply memorandum, plaintiff acknowledges that Jostens had a "fiduciary duty to accurately communicate to Unum the nature, extent, and specifics of plaintiff's job duties with Jostens." Am. Compl. ¶ 78; Reply Mem. of Law by Pl. at 4. Plaintiff's shadowboxing notwithstanding, it is clear that Jostens is a fiduciary under the plan and that any duty it owed plaintiff in filling out the job analysis form is governed by ERISA.

In sum, plaintiff has made no argument on reconsideration

that would alter the conclusion that Jostens is a plan fiduciary and that the only injury she suffered was the denial of long term disability benefits.  Thus, there is no reason to disturb the ruling of the March 27, 2006 Memorandum and Order that her common law claims are preempted by ERISA.  Accordingly, plaintiff's motion for reconsideration is denied.


Dated:  Brooklyn, New York
        May 3, 2006

                                        SO ORDERED:


                                        ____/s/_____
                                        David G. Trager
                                        United States District Judge