UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------X

HELEN NELSON

        Plaintiff,                  MEMORANDUM AND ORDER

   -against-                   Civil Action No.
                                       CV-03-6247 (DGT)

UNUM LIFE INSURANCE CO. OF
AMERICA and JOSTENS, INC.

        Defendant.

-------------------------------X

Trager, J:

    Plaintiff has moved for an award of attorneys' fees.  The
initial motion is devoid of any argument for why plaintiff should
be awarded fees and does not include any reference to the
controlling law in this circuit.  Only in plaintiff's reply
brief, after having had the benefit of defendant's briefing in
its opposition, is any argument for attorneys' fees discussed.

    In an ERISA action, "the court in its discretion may allow a
reasonable attorney's fee and costs of action to either party."
29 U.S.C. § 1132(g)(1).  The factors to be considered in deciding
an application for attorneys' fees in an ERISA action under
29 U.S.C. § 1132(g)(1) are (1) the degree of the offending
party's culpability or bad faith, (2) the ability of the
offending party to satisfy an award of attorneys' fees, (3)
whether an award of fees would deter other persons from acting

similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants. Leyda v. AlliedSignal, Inc., 322 F.3d 199, 209 (2d Cir. 2003) (citing Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987)).

## Discussion

Plaintiff correctly argues that the first factor is met here. Unum's analysis of plaintiff's occupation appears to have been "results oriented." March 27, 2006, Memorandum and Order ("M&O") at 24. Even if this was not bad faith, it establishes Unum's culpability. However, this factor alone does not justify an award of attorneys' fees in this matter, despite plaintiff's strenuous reliance on the finding in the March 27, 2006 M&O that plaintiff "was denied full and fair review of the denial of her claim for benefits that is guaranteed under 29 U.S.C. § 1133, and the denial of benefits was arbitrary and capricious." See, e.g., Miller v. United Welfare Fund, 72 F.3d 1066, 1073-74 (2d Cir. 1995) (vacating award of attorneys' fees for reweighing of Chambless factors where district court had remanded the case to the administrator for further consideration after finding that the defendant had acted arbitrarily and capriciously in denying

the plaintiff's claim for medical benefits); Slupinski v. First

Unum Life Ins. Co., 2006 WL 2266569, at *4-*5 (S.D.N.Y Aug. 7,

2006) (denying request for reconsideration where the plaintiff's

request for attorneys' fees was denied even though the defendant

wrongfully determined the plaintiff was not disabled); Brown v.

Bd. of Trustees of the Building Service 32B-J Pension Fund, 392

F. Supp. 2d 434, 445 (E.D.N.Y. 2005).  Here, the case was

remanded to the trustees for further consideration because the

evidence is not so overwhelmingly one-sided that a reasonable

person could only conclude that plaintiff was entitled to

benefits.  This factor does favor plaintiff, but not in such a

way as to outweigh the other factors.  See, e.g., Lauder v. First

Unum Life Ins. Co., 284 F.3d 375, 383 (2d Cir. 2002) ("Although

we agree with the district court that First UNUM took the wrong

position on coverage, it is not clear that that position was so

egregiously wrong as to outweigh the other factors under

Chambless.").

The second factor is also met.  Unum does not argue that

finacially it will not be able to pay attorneys' fees.

Regarding the third factor, plaintiff argues that an award

of attorneys' fees would "persuade defendants in future cases

that the risk of such exposure is too great to repeat the

methodology used in Mrs. Nelson's case to deny her benefits."

Pl.'s Reply Motion for Fees ("Pl.'s Reply") at 4.  It could be

expected that an award of attorneys' fees in this case might

discourage Unum and others from engaging in "results oriented"

job categorization analyses.  As such, this factor is also met,

albeit to a weak degree.

The fourth factor considers the relative merits of the

parties' positions.  On the whole, the positions Unum has

advanced in this matter have not been without merit, nor has it

pursued frivolous arguments.  However, it should be noted that

Unum's submission of the administrative record in reverse Bates

order was a disservice to the court and smacked of a litigation

tactic to confuse the analysis of the merits of plaintiff's

claim.

Were the above analysis the entire picture, an award of

attorneys' fees would be appropriate.  However, although

plaintiff did prevail on one of her arguments, her positions in

this case have largely lacked merit.  She advanced numerous

arguments that were clearly unsupported by law.  Further weighing

against plaintiff is the fact that the motion for attorneys' fees

filed by her counsel failed to discuss the applicable law and the

necessary factors that must be considered for an award of

attorneys' fees.  She did eventually argue their application in

her reply brief, but only after Unum's full analysis of the

factors in its opposition motion.  Balancing the respective

merits of the parties' positions in this litigation, this factor

weighs against awarding attorneys' fees to plaintiff.

Because this case is brought only on behalf of a single

plaintiff seeking disability benefits, the fifth factor of common

benefit on a group of pension plan participants is not met here.

Regardless of this deficiency, "failure to satisfy the fifth

Chambless factor does not preclude an award of attorneys' fees."

Locher v. Unum Life Ins. Co. of Am., 389 F.3d 288, 299

(2d Cir. 2004).  Nonetheless, plaintiff contends that her suit

> will encourage other long-term disability
> policyholders to question the basis of an insurer's
> continued denial after an appeal as well as provide
> hope that -- if all else fails -- relief may be
> ultimately obtained through formal legal action.

Pl.'s Reply at 4.  Taking plaintiff's reasoning to its logical

conclusion, every ERISA case that results in a remand to the

administrator would result in the fifth factor being met,

regardless of whether the plaintiff is suing only on her own

behalf or on behalf of a class of beneficiaries.  Such is not the law, and similar "possible future benefit to others" arguments have not been recognized in this circuit.  <u>See, e.g.</u>, <u>Locher</u>, 389 F.3d at 299 (declining to recognize a common benefit satisfying the fifth <u>Chambless</u> factor based on the district court's finding that others "may ultimately benefit" from improved procedures and increased knowledge as a result of the litigation).

## Conclusion

In sum, the factors do not overwhelmingly favor one side over the other, and therefore an award of attorneys' fees is not warranted.  Plaintiff's request for fees is denied.


Dated:  Brooklyn, New York
        November 3, 2006


                              SO ORDERED:


                              _____/s/_____
                              David G. Trager
                              United States District Judge